**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| INDUCTION INNOVATIONS, INC., and ) | | |
| SARGE HOLDINGS COMPDANY, LLC, ) | | |
| Plaintiffs, ) | Case No. | |
| ) | | |
| v. ) | Judge Amy St. Eve | |
| ) | | |
| DAVID PACHOLOK, ) | | |
| Defendant. ) | | |

## COMPLAINT

Plaintiffs Induction Innovations, Inc. ("Induction") and Sarge Holdings Company, LLC ("Sarge") complain of Defendant David Pacholok ("Pacholok") as follows:

1. Induction is an Illinois corporation doing business in Cook County, Illinois and elsewhere.

2. Pacholok is an Illinois resident who until August 31, 2006 served as a corporate officer and director of Induction and owned fifty percent of Induction's issued stock, and has since resigned his position at Induction and relinquished his stock.

3. Thomas Gough ("Gough") is the President of Induction, the Manager of Sarge, and is now the majority shareholder of Induction; prior to August 31, 2006, Gough owned fifty percent of Induction's issued stock.

4. Induction was founded by Gough and Pacholok in 2000 to manufacture and sell induction heaters in the automotive aftermarket.

5. Gough and Pacholok were the incorporators of Induction, and are each named co-inventors of U.S. Patent Nos. 6,563,096 and 6,670,590 ("Induction's Patents") (Exhibit A).

6. Induction has been manufacturing and selling induction heaters for the automotive aftermarket since December, 2000, including but not limited to induction heaters first developed

and sold between December 2000 and December 31, 2006 known as the Mini-Ductor® the Inductor® Max, and the GlassBlaster®, among other products and accessories related to induction heating which are sold by Induction.

7. Induction is a private company and its stock has never been held by more than a few shareholders, and is rarely purchased or sold.

8. In the course of developing and marketing its induction heaters, Induction has developed and used a great deal of proprietary technology, including technology falling within the scope of Induction's Patents, which it owns legal title as to Thomas Gough but not as to David Pacholok.

9. Lace Technologies, Inc. ("Lace") is a company with a business in Addison, Illinois which manufactured induction heating units and accessories for Induction from 2004 to September 2011 in Illinois.

10. Induction paid for the patent attorney and filing fees necessary to procure Induction's Patents.

11. Induction invested substantial money and substantial employee time to develop and commercialize the technology which is the subject of Induction's Patents, but Pacholok has refused to formally assign any ownership rights he may have in Induction's Patents to Induction.

12. Beginning in 2012, Lace manufactured and sold products which competed with Induction's induction heaters and accessories for the automotive aftermarket in Illinois.

13. On October 20, 2011, Pacholok purported to grant to Lace and Lace's President, Charles Han, a license to build induction heaters in order to manufacture and sell a product similar to the Mini-Ductor® (Exhibit B).

14. In January 2012, Pacholok entered into an additional license agreement (Exhibit C) with Lace in which Pacholok purported to grant a license to Lace under Induction's Patents,

as well as a license to Lace for Induction's "electronic information, designs and other intellectual information published or otherwise made available by Licensor" (collectively "Induction's Patents and Secrets") sufficient to design, develop, build, market, and sell an induction heating product for the automotive aftermarket (the "Lace Induction Heater").

15. Lace has used Induction's Patents and Secrets to develop, market, and sell the Lace Induction Heater without Induction's approval.

16. The Lace Induction Heater is a competitive product to Induction's products.

17. Pacholok obtained Induction's Patents and Secrets from Induction while he was an Induction promoter, officer and shareholder.

18. Pacholok had no right to license Induction's Patents and Secrets, as they are equitably owned by Induction.

19. Sarge Holdings, LLC ("Sarge") is a Delaware limited liability company with its principal offices at 1175 Jansen Farm Ct., Elgin, Illinois 60123

20. Sarge is the registered assignee of the intellectual property of Induction, including the Induction Patents and Secrets (Exhibit D).

21. Pursuant to the exclusive license from Sarge, Induction has the exclusive right to use and enforce the intellectual property licensed to Induction by Sarge, including Induction's Patents (Exhibit D).

## Breach of Fiduciary Duty

22. As an officer and director of Induction, Pacholok owed duties of loyalty to Induction.

23. Induction has always operated as a close corporation.

24. As a shareholder in a close corporation, Pacholok owed a duty of loyalty to Induction.

25. As an incorporator and organizer of Induction, Pacholok owed a duty of loyalty to Induction prior to Induction's incorporation.

26. In 1999 to 2000 Gough and Pacholok began discussing the formation of a company to make and sell induction heaters to be put to then-novel uses in the automotive aftermarket.

27. Prior to the incorporation of Induction, Gough had 24 years of automotive and collision repair expertise which Mr. Pacholok did not, and Gough recognized that induction heating could be used to remove items such as bolts, trim, and various parts and glass bonded to metal, which could be very useful to automotive workers in "body shops" and similar businesses.

28. Gough discussed his idea for applying induction heating in the automotive repair industry with Pacholok.

29. Pacholok and Gough discussed the formation of Induction for months prior to the formal incorporation of Induction.

30. In October of 2006, Gough and Pacholok reviewed calendars and prepared time lines of events, showing that from at least 10/99-10/30/00, they were working on the "induction project" which included "Induction idea notes" (1/02/00), "Induction uses list (notes)" (2/2/00), drawings of various induction tools "Flameless" and "Odyssey" (May and July, 2000), and an Order for a booth at the NACE trade show (10/30/00).

31. As of 11/20/2000, "Induction Innovations, Inc." had an "Exhibitor Listing" at the NACE 2000 trade show.

32. Pacholok continues to owe a duty of loyalty to Induction.

33. Gough has formally assigned his ownership rights in Induction's Patents to Induction. Gough assigned these rights to Sarge, which subsequently licensed such rights to Induction.

4

34. Pacholok has not formally assigned his ownership rights in Induction's Patents to Induction.

35. Induction owns partial legal title in Induction's Patents.

36. Pacholok had a fiduciary duty to assign his legal title in the Patents to Induction.

37. Pacholok breached his fiduciary duty to Induction by failing to assign his legal title in the Patents to Induction.

38. Induction has been damaged by Pacholok's failure to assign his legal title in the Patents to Induction since Pacholok has licensed his interest in the Patents to Induction's competitors without Induction's prior knowledge or approval.

39. On information and belief, Induction continues to be damaged by Pacholok's failure to assign his legal title in the Patents to Induction since Pacholok has continued to attempt to license his interest in the Patents to Induction's potential competitors in violation of Induction's equitable rights.

**WHEREFORE**, Plaintiffs request that this Court enter judgment against David Pacholok, and enter first a temporary restraining order, and then preliminary and permanent injunctions, requiring Pacholok to assign any legal rights he may have in Induction's Patents to Induction, to maintain the status quo and to prevent Pacholok from any further licensing of the Induction Patents until a trial on the matter may be had. Plaintiffs also request reasonable attorney fees and costs in this matter.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands that all issues triable to a jury be determined by jury.

DATED: July 17, 2013

Respectfully submitted,

s/Michael P. Mazza/
Michael P. Mazza
Illinois Bar No. 6201609
Dana Drexler Alvarado
Illinois Bar No. 6291515
Michael P. Mazza, LLC
686 Crescent Blvd.
Glen Ellyn, Illinois 60137-4281
Phone: (630) 858-5071
Fax: (630) 282-7123
Email: mazza@mazzallc.com

**ATTORNEYS FOR PLAINTIFF**