**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| INDUCTION INNOVATIONS, INC. and SARGE HOLDINGS CO., LLC, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 13 C 5102 |
| v. | ) ) | Judge Amy J. St. Eve |
| DAVID PACHOLOK, | ) ) | |
| Defendant. | ) | |

**ORDER**

The Court, in its discretion, grants Plaintiffs' motion to disqualify Defendant's counsel [62].

**STATEMENT**

On September 19, 2013, Plaintiffs Induction Innovations, Inc. and Sarge Holdings, LLC (collectively "Induction"), filed the present motion to disqualify counsel for Defendant David Pacholok pursuant to Northern District of Illinois Local Rule 83.50 due to a conflict of interest.[1] For the following reasons, the Court, in its discretion, grants Plaintiffs' motion to disqualify.

**BACKGROUND**

Defendant Pacholok's attorneys, Edward Bishop, Nicholas Lee, and Benjamin Campbell of the law firm of Bishop and Diehl ("B&D"), represented the LACE defendants, who manufacture induction heaters for the automotive aftermarket and are Induction's competitors, in a related action before this Court, namely, *Induction Innovations, et al. v. Qualitek International, Inc., et al.,* Case No. 13 C 0219 ("*Induction I*"). In *Induction I*, Induction sued the LACE defendants for trademark and copyright violations under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*. The focus of Induction's lawsuit against the LACE defendants involved Induction's commercialized induction heater called the MINI-DUCTOR® and LACE's BoltBuster™ torchless heat induction tool.

---

[1] Pursuant to Northern District of Illinois General Order 11-0019 adopted on June 2, 2011, Local Rule of Professional Conduct 83.50 replaced Local Rules 83.501 through 83.58.4. According to Local Rule 83.50, the Model Rules adopted by the American Bar Association are applicable in the Northern District of Illinois. *See* N.D.Ill.L.R. 83.50.

Prior to August 31, 2006, the Defendant in the present matter, David Pacholok, was an officer and director at Induction. During his employment with Induction, Pacholok contributed to the technology and manufacturing of the MINI-DUCTOR® MD-600 model. The MD-600 technology utilizes U.S. Patent 6,563,096 (the "'096 patent") and U.S. Patent 6,670,590 (the "'590 patent"), both of which list Pacholok and Thomas Gough, Induction's President, as co-inventors. In 2007-08, Pacholok was a consultant for LACE and in 2012, Pacholok licensed the '096 and '590 patents to LACE.

During a settlement conference with the Court on July 9, 2013 in *Induction I*, the parties reached a settlement. The Court then dismissed *Induction I* without prejudice allowing the parties to formalize the written settlement agreement in accordance with the terms discussed and put on the record at the settlement conference.

## LEGAL STANDARD

When determining a motion to disqualify counsel, courts must strike a balance between two important considerations — "the sacrosanct privacy of the attorney-client relationship (and the professional integrity implicated by that relationship) and the prerogative of a party to proceed with counsel of its choice." *Schiessle v. Stephens,* 717 F.2d 417, 419-20 (7th Cir. 1983). Disqualification of an attorney is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Id.* at 420. The standard for disqualification of an attorney in this Circuit is called the "substantial relationship" test. *See LaSalle Nat'l Bank v. Lake County,* 703 F.2d 252, 255 (7th Cir. 1983); *see also Black Rush Mining, LLC v. Black Panther Mining,* 840 F.Supp.2d 1085, 1090 (N.D. Ill. 2012) ("Where an attorney represents a party in a matter in which the adverse party is that attorney's former client, the attorney will be disqualified if the subject matter of the two representations are 'substantially related.'"). The substantially related "analysis embodies two principles of professional responsibility: protecting a client's confidences from disclosure and possible use against him as well as avoiding the appearance of impropriety." *Crowe v. Kearin,* No. 07 C 5289, 2008 WL 630479, at *2 (N.D. Ill. Mar. 4, 2008). District courts have broad discretion in determining whether to disqualify counsel. *See Hutchinson v. Spanierman,* 190 F.3d 815, 822 (7th Cir. 1999); *Cromley v. Board of Educ. of Lockport Twp. High Sch. Dist. 205,* 17 F.3d 1059, 1063 (7th Cir. 1994).

## ANALYSIS

### I. Standing

First, Defendant argues that Plaintiffs do not have standing to bring the present motion to disqualify because only B&D's former client, LACE, can bring any such motion. Despite Defendant's argument, courts in this Circuit have concluded that opposing counsel has standing to bring a motion to disqualify if there is evidence "clearly calling into question the fair or efficient administration of justice." *See Tizes v. Curico,* No. 94 C 7657, 1997 WL 116797, at *2 (N.D. Ill. Mar. 12, 1997) (Williams, J.); *see also Rudzinski v. Metropolitan Life Ins. Co.,* No. 05 C 0474, 2007 WL 3171338, at *4 (N.D. Ill. Oct. 25, 2007) ("courts in this Circuit largely have ...

found that a third party has standing to move to disqualify opposing counsel only if it has 'evidence clearly calling into question the fair or efficient administration of justice.'"); *Emmis Operating Co. v. CBS Radio,* Inc., 480 F.Supp.2d 1111, 1116 (S.D. Ind. 2007) (collecting cases).

Here, Plaintiffs maintain that there is sufficient evidence in the record establishing that B&D's representation of Pacholok in the present lawsuit calls into question the fair administration of justice because while representing LACE in *Induction I*, B&D negotiated the settlement and counsel were present at the settlement conference between LACE and Induction.[2] As with all settlement agreements, one of the key provisions of the settlement in *Induction I* was confidentiality, namely, that the settlement agreement would remain confidential and could not be discussed outside of the parties to the settlement. It is undisputed that Pacholok is not a party to the *Induction I* settlement agreement. Furthermore, based on the Court's intimate knowledge of the settlement negotiations and agreement in *Induction I*, as well as the history of Induction's and LACE's prior lawsuit, the confidential settlement agreement is relevant to the issues raised in the present lawsuit.

Under these circumstances, Plaintiffs have presented sufficient evidence establishing that B&D's representation of Pacholok in the present lawsuit calls into question the fair administration of justice, as discussed in more detail below. As such, Plaintiffs have standing to bring the present motion to disqualify. *See Tizes*, 1997 WL 116797, at *2.

## II. Substantial Relationship Test

Courts in this Circuit analyze motions to disqualify under a three-step test. *See Schiessle,* 717 F.2d at 420; *see also Cromley,* 17 F.3d at 1064. As the Seventh Circuit explains:

> First, we must determine whether a substantial relationship exists between the subject matter of the prior and present representations. If we conclude a substantial relationship does exist, we must next ascertain whether the presumption of shared confidences with respect to the prior representation has been rebutted. If we conclude this presumption has not been rebutted, we must then determine whether the presumption of shared confidences has been rebutted with respect to the present representation. Failure to rebut this presumption would also make the disqualification proper.

*Schiessle,* 717 F.2d at 420; *see also Cromley,* 17 F.3d at 1064. After the first step of this inquiry, a "very strict standard of proof must be applied to the rebuttal of th[e] presumption, [] and any doubts as to the existence of an asserted conflict of interest must be resolved in favor of disqualification." *LaSalle Nat'l Bank,* 703 F.2d at 257.

---

[2] Although Pacholok and his prior counsel, Philip Prorok, attended portions of the settlement conference, they were not present when the parties discussed the terms of the settlement nor when the Court put the terms of the settlement on the record.

3

Defendant first argues that Plaintiffs have failed in their burden of establishing that B&D's representation of the LACE defendants in *Induction I* and B&D's present representation of Pacholok are substantially related. In particular, Defendant argues that the legal subject matter in *Induction I* differs from the legal subject matter in the present lawsuit. To the contrary, the subject matter of the first lawsuit not only concerned Induction's intellectual property rights, but also involved the fact that Pacholok licensed the '096 and '590 patents to LACE. Pacholok's 2012 license to LACE is the basis for Induction's breach of fiduciary duty claim against Pacholok in the instant action. Moreover, in the first lawsuit B&D represented LACE in negotiating a settlement with Induction, thus there is the a strong possibility that B&D obtained confidential information that is relevant in the present matter as required under the first step of the substantially related test. *See Analytica, Inc. v. NPD Research, Inc.,* 708 F.2d 1263, 1266 (7th Cir. 1983) ("'[S]ubstantially related' boils down to whether the lawyer could have obtained confidential information in the first representation that is potentially relevant in the second."). Because the Court has found that a substantial relationship exists between B&D's two representations, there is a presumption that B&D obtained confidential information. *See LaSalle Nat'l Bank,* 703 F.2d at 256.

The Court thus turns to the second step of the disqualification inquiry, namely, whether Defendant has rebutted the presumption of shared confidences. *See Cromley*, 17 F.3d at 1064; *Schiessle*, 717 F.2d at 420. To this end, Defendant argues that the Court should disregard Induction's self-serving declarations filed in support of this motion to disqualify. As the Seventh recently made clear, however, courts should not reject admissible evidence in the form of an affidavit or declaration for no other reason than it is self-serving. *See Hill v. Tangherlini*, 724 F.3d 965, 967 (7th Cir. 2013); *Navejar v. Iyiola,* 718 F.3d 692, 697 (7th Cir. 2013) (per curiam).

In any event, Defendant maintains that Induction's declarations do not provide sufficient details indicating that any confidential information has been passed between B&D and Pacholok. Under the second step of the disqualification analysis, however, whether counsel shared confidential information is not relevant. *See Analytica,* 708 F.2d at 1266; *Wade v. Chicago,* No. 08 C 3063, 2010 WL 550988, at *2 (N.D. Ill. Feb. 11, 2010). Instead, the Court must determine whether B&D was privy to any confidential information from the prior lawsuit. *See Schiessle,* 717 F.2d at 420. Here, it is undisputed that B&D obtained confidential information about the Induction/LACE settlement agreement because B&D represented LACE during settlement negotiations, and Bishop and Lee were not only present at the settlement conference on July 9, 2013, but they personally negotiated the settlement on behalf of LACE. Accordingly, Defendant has not presented evidence that "clearly and effectively" rebuts the presumption that B&D was privy to relevant, confidential information from *Induction I. See id*.; *see also Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 723 (7th Cir. 1982). Thus, Defendant has failed to rebut the presumption of shared confidences under the second step of the disqualification test. *See Cromley,* 17 F.3d at 1064.

Defendant's failure to rebut the presumption of shared confidences leads the Court to the third inquiry — whether B&D passed on the confidential settlement information to counsel for Defendant in this matter. *See Schiessle,* 717 F.3d. at 421. B&D can establish this rebuttal by

4

proof that Bishop and Lee had no knowledge of the settlement information. *See id.*; *see also Cromley,* 17 F.3d at 1065. Also, B&D may rebut this presumption by offering proof that it had institutional mechanisms to insulate against the flow of confidential information from the "infected" attorney to other attorneys in the firm. *See United States v. Goot*, 894 F.2d 231, 235 (7th Cir. 1990); *Analytica,* 708 F.3d at 1267; *see, e.g., Miller v. Chicago & Nw. Transp. Co.,* 938 F.Supp. 503, 504 (N.D. Ill. 1996). B&D has failed to make either showing.

The three lawyers from B&D who represented LACE in the first lawsuit, Edward Bishop, Nicholas Lee, and Benjamin Campbell, are the same attorneys who represent Pacholok in this lawsuit. Thus, there is no factual dispute that Bishop and Lee — who attended the settlement conference, negotiated the settlement on behalf of LACE, and were present when the Court put the terms of the settlement on the record — passed on the confidential settlement information to Bishop and Lee. Based on the Court's involvement in conducting the settlement conference in *Induction I*, the overall record in *Induction I*, and the record in the present case, it is necessary for the Court to disqualify B&D from their continued representation of Pacholok. *See Schiessle*, 717 F.2d at 420; *see also LaSalle Nat'l Bank,* 703 F.2d at 257 ("any doubts as to the existence of an asserted conflict of interest must be resolved in favor of disqualification.").

On a final note, Defendant argues that any other attorney who might represent Pacholok can easily obtain the confidential settlement terms by viewing Exhibit 1 to the present motion, which is the transcript of the July 9, 2013 the settlement agreement. This exhibit, however, is filed under seal, and thus Defendant's argument is simply wrong. Likewise, Defendant's argument that the Court should reject the present motion to disqualify because Pacholok and the LACE defendants have consented to B&D's representation as allowed under Northern District of Illinois Local Rule 83.51.7(b)(2) is without merit because this Rule has been replaced by the ABA's Model Rules of Professional Conduct. Under the ABA's Model Rule 1.7, B&D's present representation of Pacholok is materially limited by B&D's responsibilities to the parties to the *Induction I* settlement agreement — both Induction and LACE. *See* ABA Model Rule 1.7(a)(2); Ill.R.Prof'l Cond. 1.7(a)(2). Clearly, Induction has not consented to B&D's representation in the present matter. Therefore, a conflict of interest exists.

**Dated:** October 18, 2013

_____
**AMY J. ST. EVE**
**United States District Court Judge**