IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INDUCTION INNOVATIONS, INC., and SARGE HOLDINGS, LLC, <br><br> Plaintiffs/Counter-Defendants, <br><br> v. <br><br> DAVID PACHOLOK, <br><br> Defendant/Counter-Plaintiffs. <br><br> v. <br><br> MICHAEL MAZZA, <br><br> Third Party Defendant. | Case No.: 1:13-cv-05102 <br><br> Judge: Manish S. Shah |

**MOTION FOR LEAVE TO CORRECT TYPOGRAPHICAL ERROR AND MISNUMBERING OF PARAGRAPHS IN DEFENDANT'S ADDITIONAL UNCONTESTED FACTS REQUIRING SUMMARY JUDGMENT AND TO OBJECT TO PLAINTIFFS' REPLY IN SUPPORT OF SUMMARY JUDGMENT (UNKNOWN IF MOTION IS CONTESTED OR UNCONTESTED)** [1]

Now Comes the Defendant/Counter-Plaintiff, David Pacholok (herein "Pacholok" or "Defendant"), by and through his undersigned counsel, Waltz, Palmer & Dawson, LLC, respectfully requests this Court to enter an Order granting Defendant/Counter-Plaintiff leave to correct certain errors in Defendant's summary judgment filings as set out below and to object to Plaintiffs' Reply in Support of Summary Judgment, and in support thereof, Defendant states as follows:

### I. Issues with Previously Filed Documents

Plaintiffs ("III" or "Plaintiffs") filed a summary judgment motion and related filings against

---

[1] A copy of this motion and the related exhibits was provided to Counsel for the Plaintiffs and objections were requested but no response was received.

Defendants, David Pacholok. Defendant filed his Response to Plaintiffs' Motion for Summary Judgment ("Response") including a 56.1 fact statement ("56.1 Fact Statement") and memorandum of law ("Memorandum") as required by Local Rule 56.1 on September 10, 2015 (after attempting to file on September 9, 2015 but being unable to do so due to technical issues). Defendant's 56.1 Fact Statement contained a typographical error in the title of one of the subheadings; the subheading should have been titled "Additional Facts Requiring Denial of Summary Judgment." Defendant included forty-five numbered (45) statements of fact in his 56.1 Fact Statement which is a technical violation of Local Rule 56.1. Defendant inadvertently numbered certain sentences separately instead of condensing those sentences into paragraphs and numbering the condensed paragraphs (as allowed by Local Rule 56.1). Defendant also did not cite to his 56.1 Fact Statement in his Memorandum.

Defendant was under a time crunch to complete the 56.1 Fact Statement and the facts section of the Memorandum because Defendant did not receive the full transcript of III's corporate deposition until mid-day on September 8, 2015, less than forty –eight (48) prior to the filing deadline. The need to review the depositions, find citations, and prepare and edit the fact statements in a short time frame led to some errors in Defendant's Response.

Defendant learned of the technical defects in the 56.1 Fact Statement and Memorandum after reading Plaintiffs' Reply in Support of their Motion for Summary Judgment ("Reply") where Plaintiffs objected to the technical violations. Defendant did not object to the numerous defects contained in Plaintiffs' original summary judgment filings because the problems were correctable and would not advance the litigation on the merits.

## II. The Court has the Power and is Encouraged to Allow Correction of Summary Judgment Motion Documents

The Court can give a party leave to amend the technical defects in its filings. Cutler v.

Quality Terminal Servs., LLC, No. 08-CV-6630, 2012 WL 669052, at *2 (N.D. Ill. Feb. 29, 2012). The decision whether to apply Local Rule 56.1 strictly or to overlook a violation or transgression of the rule is left to the discretion of the district court. Stevo v. Frasor, 662 F.3d 880, 886-87 (7th Cir. 2011). Moreover, local rules, like the Rules of Civil Procedure should be applied equitably to the parties with a view towards adjudicating the case on its merits. *Id*. Finally, although the Court has discretion to apply the Rules of Civil Procedure and Local Rules strictly or leniently, the Seventh Circuit has instructed courts not to apply procedural rules unequally (i.e. the Court should not apply local rules strictly against one party and leniently against another). *Id*.

Here, Defendant is moving to correct the technical violations of Local Rule 56.1 contained within his Memorandum and 56.1 Fact Statement in order to have the matter decided on the merits. Moreover, the technical violations of Defendant are far less egregious than those of Plaintiffs (as set forth below). The majority of Plaintiffs' filings related to its Motion Summary Judgment, including their Reply, are defective for the reasons set forth below. Here, it would be equitable for the Court to allow Defendant to correct his summary judgment filings because: (1) the defects are minor and were inadvertent mistakes due to a time crunch as discussed above; (2) Defendant is moving to correct the defects, and there will be no prejudice to any party as the substance of the filings will remain the same; and (3) the defects in Plaintiffs' summary judgment filings are far more egregious. A copy of the proposed edited version of the summary judgment filings are attached as Exhibit A.

### III. Requested Correction of Defendant's Previously Filed Summary Judgment Filings

#### a. Incorrect Subheading Title

Defendant's 56.1 Fact Statement contains a typographical error in the title of one of the

subheadings. Specifically, the words "Denial of" were inadvertently left out and the word "Uncontested" was left in; the title should have read: "Additional Facts Requiring Denial of Summary Judgment." Defendant requests leave to file a 56.1 Fact Statement which corrects the subheading or requests that the Court enter a minute order correcting the typographical error.

### b. Renumbering of Paragraphs

Defendant inadvertently numbered certain sentences within the same paragraphs individually as opposed to compiling such sentences into paragraphs. This is a technical violation of Rule 56.1. Defendant requests that, for the purposes of Local Rule 56.1, the following groupings of numbered sentences: (a) #16 - # 19;(b) #32 -#34; (c) #35 - #38; and (d) #39 -#40; each be consolidated into numbered paragraphs. If each such grouping is condensed, the number of paragraphs included in the 56.1 Fact Statement decreases from forty-five (45) to thirty-six (36) paragraphs. Local Rule 56.1 allows a response to contain forty (40) numbered paragraphs of additional facts in opposition to summary judgment. Defendant requests that the sentence groupings identified above be combined into paragraphs as requested with each prior individual sentence presented as a sub-point of the overall paragraph (i.e., paragraphs #16 - #19 will be reformatted and presented as #16(a), #16(b), #16(c), #16(d) etc.). Defendant requests leave to file a reformatted 56.1 Fact Statement or requests that the Court note the change in a minute order.

### c. Failure to Include Citations to the 56.1 Fact Statement in Defendant's Memorandum

Counsel for Plaintiffs objected that Defendant failed to include citations to the record and/or to his LR 56.1 Statement in Defendant's Memorandum. Defendant included a facts section in his Memorandum. Defendant set out the same facts, with record citations as required by Local Rule 56.1, in his 56.1 Fact Statement as were included in the Memorandum. However, the Facts section in Defendant's Memorandum did not cite back to Defendant's 56.1 Fact Statement.

Some district courts have held that all Rule 56.1 Memoranda should contain a facts section citing to a party's 56.1 Fact Statement. However, the language of Local Rule 56.1 does not explicitly contain such a requirement. If this Court follows the line of cases which interpret Local Rule 56.1 to require citations to the 56.1 Fact Statement in the Defendant's Memorandum, Defendant requests leave to amend his Memorandum to include such citations.

## IV.   Issues with Plaintiffs' Summary Judgment Filings

Plaintiffs were under no time limit when preparing and file Plaintiffs' Motion for Summary Judgment. Despite this, Plaintiffs' summary judgment filings contained numerous errors and procedural inadequacies. Defendant previously abstained from bringing these errors to the Court's attention as these errors are correctable and would not advance the litigation.  However, Defendant now brings the errors in Plaintiffs' original 56.1 Fact Statement to the Court's attention in order to point out that it would be inequitable to ignore Plaintiffs' failures while penalizing Defendant for his errors.

   a.   **Errors in Plaintiffs' Original 56.1 Statement and Memorandum:**

Plaintiffs' Motion for Summary Judgment contains the following procedural violations:

   1.   Plaintiff's 56.1 Statement was not signed by Plaintiffs' counsel. According to Federal Rule of Civil Procedure 11, all documents filed with the court must be signed. (Fed.R.Civ.Pro.11).

   2.   Plaintiffs' affidavits/declarations submitted in support of Plaintiffs' Motion for Summary Judgment are neither sworn nor certified. Pursuant to Federal Rule of Evidence 902(8), affidavits must be accompanied by a certificate of acknowledgment lawfully executed by a notary public or other authorized individual. (Fed.R.Evid. 902(8)). Pursuant to 28 U.S. Code §1746, any matter which is required or permitted to be supported or established by a sworn

declaration or affidavit must be certified. (28 U.S.C. §1746). All Plaintiffs' factual contentions supported by the "declarations/affidavits" are thus defective. Am. Gen. Fin. Servs. of Illinois, Inc. v. Riverside Mortgage Co., No. 02 C 3518, 2005 WL 1211583, at *2 (N.D. Ill. May 19, 2005). *See* Mingo v. Roadway Express, Inc., 135 F.Supp.2d 884, 893-94 (N.D.Ill.2001); Bell Enters. Venture v. Santanna Natural Gas Corp., 2002 U.S. Dist. LEXIS 19460 (N.D.Ill.2002).

3.   The deposition of Pacholok submitted and relied upon by the Plaintiffs is an incomplete document. The deposition was halted by the Plaintiffs and was to be reconvened and continued. However, the deposition was never reconvened and Defendant's counsel was denied the opportunity to address and question Pacholok. Pursuant to the Rule of Completeness, Federal Rule of Evidence 106 and Federal Rule of Civil Procedure 32(a)(6), if a party introduces all or part of a document, the underlying document must be complete and the adverse party may require that a portion of the document, or the entire document, be included and considered by the Court. Pacholok's deposition and any factual contentions reliant upon it are inadmissible.

4.   Counsel for Plaintiffs has improperly included numerous legal arguments and conclusions of law within Plaintiffs' 56.1 Statement. Cutler v. Quality Terminal Servs., LLC, No. 08-CV-6630, 2012 WL 669052, at *2 (N.D. Ill. Feb. 29, 2012) (legal arguments and conclusions are not the proper subject matter of a Rule 56.1 statement.) Servin v. GATX Logistics, Inc., 187 F.R.D. 561, 562 (N.D.Ill.1999) (citation omitted); Judson Atkinson Candies Inc., v. Latini–Hoghberger, 476 F.Supp.2d 913, 922 (N.D.Ill.2007) (legal argument is improper within a Local Rule 56.1 statement of facts).

5.   Counsel for Plaintiffs has omitted any statement of facts in their supporting memorandum of law in support of summary judgment. Some courts in this district have held that a Local Rule 56.1 Statement is not a substitute for statement of facts contained within a

supporting memorandum of law. Condon v. City of Chicago, 2011 WL 5546009, at *1 (N.D.Ill.2011).

6.      Plaintiffs refer to numerous previously filed documents in their 56.1 Fact Statement which are not attached to their 56.1 Fact Statement. Failure to attach such items is another violation of Local Rule 56.1.

b.  **Errors in Plaintiffs' Reply in Support of their Motion for Summary Judgment**

Plaintiffs' Reply in Support of their Motion for Summary Judgment contained the following errors and procedural inadequacies which Defendant objects to as they are substantive problems:

1.      Plaintiffs filed the declarations of Paul Astrowski, Mig Moorhatch and Thomas Gough in support of Plaintiffs' Summary Judgment Reply. The additional declarations contained statements that attempted to contradict clear unequivocal admissions made in III's corporate deposition and original 56.1 Fact Statement. Diliberti v. United States, 817 F.2d 1259, 1263 (7th Cir. 1987). See   Sjoblom v. Charter Commc'ns, LLC, 571 F. Supp. 2d 961, 969 (W.D. Wis. 2008); see also Bank of Illinois v. Allied Signal Safety Restraint Systems, 75 F.3d 1162, 1168 (7th Cir.1996), Patton v. MFS/Sun Life Financial Distributors, Inc., 480 F.3d 478, 488 (7th Cir.2007); Pourghoraishi v. Flying J, Inc., 449 F.3d 751, 759 (7th Cir.2006); Knauf Realty, LLC v. Prudential Real Estate Affiliates, Inc., 486 F.Supp.2d 855, 857 (W.D.Wis.2007).

2.      Plaintiffs attempts to disregard prior stipulations and admissions made during the course of this case. Specifically, Plaintiffs now dispute that III's attorney drafted the stock purchase agreement at issue (the "SPA"). However, counsel for Plaintiffs stipulated via email correspondence to Defendant's counsel on June 12, 2015 that III's attorney, Ron Roeser, drafted the SPA. See Exhibit B attached hereto.

3.        Plaintiffs allege a new theory in Plaintiffs' Reply in Support of their Motion for Summary Judgment. To wit, the Plaintiffs claim that Defendant's right to payment is barred by a breach of fiduciary duties. Plaintiffs did not make this argument in its original summary judgment motion, and thus, this argument should not be considered. Moreover, counsel for Plaintiffs has repeatedly informed this Court and the Defendant that fiduciary duties are not the basis of his defenses (See Exhibit C). Plaintiffs have failed to raise this issue at any point during this case, failing to raise it as a defense in their pleadings or during discovery or in the original summary judgment motion and cannot raise it now for the first time in a summary judgment reply. Plaintiffs' defense to payment based on a breach of fiduciary duty is thus barred by mend the hold. *Trossman v. Phillipsborn,* 869 N.E.2d 1147, 1166 (Ill. App. 2007).

4.        As with Plaintiffs' original summary judgment filings, counsel for Plaintiffs omitted any statement of facts in Plaintiffs' memorandum of law in support of summary judgment and improperly included numerous legal arguments and conclusions of law within their 56.1 Statement reply.

## V.   Request for Relief

Wherefore, for the above stated reasons, Defendant, David Pacholok, requests that the Court give Defendant leave to file corrected summary judgment filings or enter a minute order treating such documents as corrected, and ignoring the improper arguments contained in Plaintiffs' Reply.

Dated: October 19, 2015                              Respectfully Submitted,
                                                     David Pacholok
                                                     By:  /s/ Joseph P. Selbka

Joseph P. Selbka #6238063
Natasha Adler #6302278
Attorneys for Defendant
Waltz, Palmer & Dawson, LLC
3701 Algonquin Rd., Suite 390
Rolling Meadows, Illinois 60008
(847) 253-8800